IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNA M. JACOBY-POLESKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3541-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Donna Jacoby-Polesky seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on November 22, 2002. The parties' briefs were fully submitted, and on June 13, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Donna Jacoby-Polesky was born in 1971 and has two years of college. She has prior work experience as a press operator, inspector, industrial truck operator, washer, certified medical technician, coating equipment operator, receptionist and mental retardation aide. She claims she is disabled due to back pain, depression, diabetes and obesity. She testified she could only stand for about 30 to 45 minutes or sit for about an hour before needing to rest. She had back pain, poor circulation in her legs, numbness in her legs, uncontrolled blood sugars, headaches, blurred vision, nausea and sleep problems.

The Administrative Law Judge (ALJ) found claimant had degenerative disk disease of the lumbar spine, obesity, diabete mellitus, and depression which were severe. Nevertheless, he found she could do a limited range of medium work, and could return to her former work as a medical technician or a receptionist. He concluded she could sit for six hours during an 8-hour workday and could stand/walk for up to six hours during an 8-hour workday.

At the time of the hearing, Jacoby-Polesky, who is 5' 3" tall, weighed approximately 340 pounds. She testified she had lost about 180 pounds. Her medical records show objective tests documenting her back condition, and by November 2004 she was seeing a pain management specialist. On at least two occasions, physicians noted she required a cane to walk.

In reaching his decision and formulating a hypothetical for the vocational expert, the ALJ gave considerable weight to the opinions of the state agency medical consultants. Their reports, however, were completed prior to the testing done in 2004, and thus, were not current at the time of the hearing. Given claimant's apparently uncontrolled diabetes, degenerative back condition and depression, the ALJ should have given additional weight to the more current medical records and/or requested a current examination by a consultant. Likewise, the ALJ should have considered these conditions in combination.

The court does not find the ALJ's conclusion that claimant could stand/walk for up to six hours, could sit for up to six hours, could lift up to fifty pounds, and could lift twenty pounds frequently to be supported by substantial evidence on the record as a whole.

For these reasons and those set forth more fully in the briefs and at oral argument, it is

ORDERED that the decision of the agency is reversed and this case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record, if appropriate, and further consideration of claimant's medical and mental health conditions for the relevant time period.

Dated this 28th day of June, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3